# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DOUGLAS G. VOGEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 3:09-CV-423-TS |
| CVS # 8646, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Douglas G. Vogel, proceeding *pro se*, filed an Employment Discrimination Complaint [DE 1] against his previous employer, CVS # 8646, and submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (*in forma pauperis*) [DE 2].

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to

pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff contends that he earns $900 per month from employment, but does not have any other source of income and that his wife relies on him for support. The annualized value of this income stream is $10,800. The 2009 poverty guideline for a family of two living in Indiana is $14,590. *See* Annual Update of the HHS Poverty Guidelines, 74 Fed. Reg. No. 14, 4199–4201 (Jan. 23, 2009). Therefore, the Plaintiff has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end here, however. In assessing whether a petitioner may proceed *in forma pauperis*, the court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard).

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)) (other citation omitted). However, a plaintiff's allegations must show that

his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff brings his claim pursuant to the American with Disabilities Act, which prohibits employers from discriminating against employees on the basis of a qualifying disability. Discrimination includes failing to provide a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *See* 42 U.S.C. § 12112 *et seq*. The Plaintiff's Complaint provides sufficient factual allegations to provide fair notice that he is claiming that the Defendant failed to provide a reasonable accommodation, and the grounds upon which this claim rests. The Plaintiff describes his physical condition and alleges that the Defendant did not "listen to the simple need I requested from them" or listen to a "trained professional " who talked to the Defendant on the Plaintiff's behalf." (Compl. 3.) The Plaintiff alleges that the Defendant knowingly chose not to help him retain his employment. His EEOC Charge, which is attached to the Complaint, provides further detail regarding his claim, including the specific accommodation that he requested and the employer's response. The Complaint sets forth a request for relief under the ADA that is plausible on its face.

## CONCLUSION

Because it appears that the Plaintiff is unable to prepay the filing fee and that the Complaint allegations state a claim for which relief can be granted, the Court: (1) **GRANTS** the Plaintiff leave to proceed *in forma pauperis* [DE 2];  (2) **WAIVES** payment of the filing fee; and

(3) **DIRECTS**, pursuant to 28 U.S.C. § 1915(d), the United States Marshals Service to effect service of process on the Defendant.

SO ORDERED on September 28, 2009.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION